

**GEOFFREY V. WHITE (SBN. 068012)**
**LAW OFFICE OF GEOFFREY V. WHITE**
351 California St., Suite 1500
San Francisco, California 94104
Telephone: (415) 362-5658
Facsimile: (415) 362-4115
Email: gvwhite@sprynet.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES, BAY AREA LAUNDRY AND DRY CLEANING PENSION TRUST FUND, | Case No. |
| Plaintiffs, | COMPLAINT FOR COLLECTION OF EMPLOYER WITHDRAWAL LIABILITY PAYMENTS AND FOR MANDATORY INJUNCTION [ERISA Section 4301] |
| v. | |
| CALIFORNIA LINEN SUPPLY, INC., a California corporation; **DONALD J. MILLER,** and **EUGENE MILLER,** | |
| Defendants. | |

Plaintiffs allege:

1.    This is an action by the Trustees of an employee pension benefit plan to collect withdrawal liability payments from an Employer which has withdrawn from the Plan.

**JURISDICTION**

2.    The jurisdiction of this Court is founded on Sections 4301 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. Sections 1451, 1145].

3.    This action arises under Sections 4219(c), 4221(b)(1) and 502(g)(2) of ERISA [29 U.S.C. Sections 1399(c), 1401(b)(1), and 1132(g)(2)] for violations of Section 515 of ERISA [29 U.S.C. Section 1145].

1

**VENUE**

2     4.     Venue is proper under Section 4301(d) of ERISA [29 U.S.C. Section 1451(d)].

3 The Bay Area Laundry and Dry Cleaning Pension Trust Fund is administered in the Northern

4 District of California, with its principal office in Oakland, California.  Defendants had their

5 principal place of business and now reside in the Northern District of California.

6

**PLAINTIFF**

7     5.     At all times herein mentioned, the Bay Area Laundry and Dry Cleaning Pension

8 Trust Fund ("Fund") was and is an employee pension benefit plan within the meaning of Section

9 3(2) of ERISA [29 U.S.C. Section 1002(2)], established and maintained pursuant to several

10 collective bargaining agreements between various employers engaged in commerce and AFL-

11 CIO Laundry, Dry Cleaning, Government and Industrial Service Union Local 3 ("Union"), an

12 employee organization representing employees engaged in commerce, for the purpose of

13 providing pension and related benefits to participants in the Fund and their beneficiaries.  The

14 Fund is a multi-employer plan as defined in Sections 3(37) and 4001(a)(3) of ERISA [29 U.S.C.

15 Sections 1002(37), 1301(a)(3)] and subject to and bound by the terms and provisions of ERISA,

16 as provided in Section 4 thereof [29 U.S.C. Section 1003(a)].  The Board of Trustees of the Fund

17 are the named fiduciaries of the Fund, and are authorized pursuant to Sections 4301(a)(1) and

18 502(g)(2) of ERISA [29 U.S.C. Sections 1451(a)(1) and 1132(g)(2)] to bring this action.  The

19 Fund, and the Pension Plan maintained thereunder, were established pursuant to an Agreement

20 and Declaration of Trust as amended and restated effective July 1, 1974.

21

**DEFENDANTS**

22     6.     Defendant California Linen Supply, Inc. ("California Linen") is, and at all times

23 herein mentioned was a California corporation, formerly engaged in the laundry business, with

24 its principal place of business in Oakland, California.

25     7.     Defendants Donald J. Miller and Eugene Miller at all times herein mentioned

26 were shareholders, officers and employees of Defendant California Linen.  Defendants Donald J.

27 Miller and Eugene Miller are residents of Contra Costa County, State of California.

28 //////////

---

### FIRST CLAIM

8.    At all times material hereto, Defendant California Linen was a party to a collective bargaining agreement with the Union, which obligated California Linen to contribute to the Fund on behalf of its covered employees.

9.    On or about November 27, 1987, Defendant California Linen completely withdrew as a contributing Employer to the Fund by ceasing to have an obligation to contribute to the Fund pursuant to collective bargaining with the Union.

10.    By virtue of Defendant California Linen's complete withdrawal from the Fund, Defendants, and each of them, became liable to the Fund for withdrawal liability payments as determined in accordance with Section 4201 of ERISA [29 U.S.C. Section 1381].

11.    On or about May 21, 1991, the Fund assessed a withdrawal liability against Defendant California Linen in the amount of $361,569, and demanded payment in monthly installments of $2,508 for 295 months, plus a final payment of $168. Said notice and demand for payment of withdrawal liability fully conformed to applicable law and Plan provisions. In accordance with Section 4219(c)(2) of ERISA [29 U.S.C. Section 1399(c)(2)], Defendant California Linen was scheduled and obligated to commence payment of its assessed withdrawal liability beginning July 1, 1991.

12.    Defendant California Linen requested review of the assessed withdrawal liability, and the Trustees denied the appeal. No arbitration proceedings have been initiated pursuant to Section 4221 of ERISA [29 U.S.C. Section 1401].

13.    Defendant California Linen made monthly installment payments on its assessed liability consistently from July 1991 until May, 2005, when all such payments ceased.

14.    At all times subsequent to May, 2005, Defendant California Linen has failed and refused, and continues to fail and refuse to make the required installment payments of its withdrawal liability, or any of them, or to make a lump sum total payment thereof.

15.    Defendant California Linen has failed to cure its delinquency in payment of withdrawal liability and has defaulted in payment of such obligation. In accordance with Sections 4219(c)(5) and 4221(d) of ERISA [29 U.S.C. Sections 1399(c)(5), 1401(d)], the total

amount of outstanding withdrawal liability is now due and owing from Defendant California Linen in the sum of approximately $229,998.98 together with interest at the rate specified in ERISA section 4219(c)(6) [29 U.S.C. Section 1399(c)(6)], totaling approximately $266,711.00.

16.     Plaintiffs have been required to retain the services of legal counsel to enforce payment of the amounts due and owing from Defendants, and have incurred and will incur reasonable attorneys' fees in amounts not yet ascertained.

## SECOND CLAIM

17.     Plaintiffs reallege and replead the allegations contained in Paragraphs 1 through 16, inclusive.

18.     Defendants, and each of them, constitute a group of businesses under common control and a single Employer within the meaning of Title IV of ERISA [29 U.S.C. Section 1301 et. seq.].

19.     By virtue of the facts set forth above, Defendants, and each of them, are jointly and severally liable for the amount of employer withdrawal liability assessed against California Linen.

## THIRD CLAIM

20.     Plaintiffs reallege and replead the allegations contained in Paragraphs 1 through 16, inclusive.

21.     Defendant California Linen is and at all times mentioned has been, the alter ego of, and a mere shell, instrumentality and conduit of Defendants Donald J. Miller and Eugene Miller, in that said individual defendants transferred assets and liabilities to and from the corporation without adequate consideration and otherwise failed to maintain sufficient respect for the separate identity of California Linen.

22.     In approximately December, 2006, Plaintiffs are informed and believe that said Defendants liquidated the corporate entity of California Linen, despite knowledge of Plaintiffs' demand for full payment of the outstanding withdrawal liability.

//////////

//////////

COMPLAINT FOR COLLECTION OF EMPLOYER WITHDRAWAL LIABILITY PAYMENTS AND FOR MANDATORY INJUNCTION                                                                    - 4 -

23.    By virtue of the facts set forth above, Defendants Donald J. Miller and Eugene Miller are jointly and severally liable for the amount of employer withdrawal liability assessed against California Linen.

### FOURTH CLAIM

24.    Plaintiffs reallege and replead the allegations contained in Paragraphs 1 through 16, inclusive.

25.    By reason of the foregoing, there is now due, owing and unpaid from Defendants to Plaintiffs the sum of $62,700.00, being the amount of the delinquent monthly installment payments from May, 2005 to the date of filing of this action, and the sum of $2,508.00 each month thereafter.  Plaintiffs will seek leave to amend this Complaint prior to trial to set forth the amount remaining unpaid.

26.    Plaintiffs have suffered and will continue to suffer irreparable harm and injury unless Defendants are preliminarily and permanently enjoined and required by Order of this Court to comply with their obligations under ERISA to make payments of withdrawal liability as demanded by the Fund.  Plaintiffs have suffered the loss of, and continue to lose investment income upon the monies owed by Defendants, adversely affecting the financial stability of the Fund and its ability to continue to pay benefits to participants.  As all remaining contributing employers have withdrawn from the Plan, the Plan's only source of income presently is withdrawal liability payments.

27.    Plaintiffs have no plain, speedy or adequate remedy at law and will be compelled to file a multiplicity of actions unless injunctive relieve is granted herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them as follows:

### On the First, Second, and Third Claims:

1.    For unpaid withdrawal liability payments in the sum of $266,711.00;

### On the Fourth Claim:

2.    For the sum of $62,700.00, and for such further sum as may be proved due, owing and unpaid at the time of trial;

3.     For a preliminary and permanent injunction requiring Defendants and each of them, to pay the Fund each and every monthly withdrawal liability payment in the amount of $2,508.00.

**On All Claims:**

4.     For interest on said unpaid withdrawal liability payments from the date due until actually paid, at the rate prescribed under ERISA Section 4219(c)(6) [29 U.S.C. Section 1399(c)(6)];

5.     For liquidated damages in an amount equal to said interest on unpaid withdrawal liability;

6.     For reasonable attorneys' fees and costs in this action; and

7.     For such other further relief as the Court deems just and proper.

DATED: June 14, 2007                         LAW OFFICE OF GEOFFREY V. WHITE


By _____
                                        Geoffrey V. White
                                        Attorneys for Plaintiff

COMPLAINT FOR COLLECTION OF EMPLOYER WITHDRAWAL LIABILITY PAYMENTS AND
FOR MANDATORY INJUNCTION                                                          - 6 -

1
    **GEOFFREY V. WHITE (SBN. 068012)**
    **LAW OFFICE OF GEOFFREY V. WHITE**
2
    351 California St., Suite 1500
    San Francisco, California 94104
3
    Telephone: (415) 362-5658
    Facsimile:  (415) 362-4115
4
    Email:  gvwhite@sprynet.com

5
    Attorney for Plaintiffs

6

7

8
                UNITED STATES DISTRICT COURT
9
              NORTHERN DISTRICT OF CALIFORNIA

10

11
    **BOARD OF TRUSTEES, BAY AREA**    )  Case No.
    **LAUNDRY AND DRY CLEANING**   )
12
    **PENSION TRUST FUND,**          )  **PLAINTIFFS' CERTIFICATION OF**
                           )  **INTERESTED ENTITIES OR**
13
          Plaintiffs,        )  **PERSONS**
                           )
14
        v.                  )
                           )
15
    **CALIFORNIA LINEN SUPPLY, INC.,**  )
    a California corporation; **DONALD J.**   )
16
    **MILLER,** and **EUGENE MILLER,**    )
                           )
17
          Defendants.       )
18
                           )

19
          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the
20
named parties, there is no such interest to report.

21
    DATED: June 14, 2007

22
                              Respectfully submitted,

                              LAW OFFICE OF GEOFFREY V. WHITE
23

24

25
                           By  _____
                                 Geoffrey V. White
26
                                Attorneys for Plaintiff

27

28